**E. J. REEVES et al., Appellants,**

**v.**

**John E. LATTIMORE, Appellee.**

No. 3267.

Court of Civil Appeals of Texas.
Eastland.

Jan. 18, 1957.

Rehearing Denied Feb. 8, 1957.

Chaney & Harless, Bowyer, Gray, Thomas, Crozier & Harris, Dallas, for appellants.

Garwood & Garwood, O. R. Burch, Houston, R. B. Cousins, III, Dallas, for appellee.

GRISSOM, Chief Justice.

On April 1, 1950, E. J. Reeves and George R. Lee, general agents for Commercial Travelers Casualty Company of Dallas, and Community Service Insurance Agency, which for present purposes will be considered as John E. Lattimore, entered into a contract which provided that Reeves and Lee, as such agents, had on the market certain insurance policies and had agreed with Lattimore to promote and sell them through Lattimore and to assist him in settling, adjusting and paying claims. Lattimore was

granted the right to sell said policies in Texas and to appoint agents. The 6th paragraph set out a schedule of the percent of premiums paid on policies sold by Lattimore that he should receive as commission. The 7th paragraph was as follows:

"All collection and service fees mentioned in the whole Paragraph VI hereof, shall be paid to Lattimore on all policy or policies written by Lattimore as aforesaid so long as such policy or policies shall remain in force and effect; and it is further agreed and understood by all parties hereto that in the event this contract is terminated by either party as to the securing of new business that the collection and service fees on business already on the books will be paid to Lattimore as aforesaid, less a reasonable collection and service charge, so long as the said policy or policies remain in force and effect."

The 9th paragraph provided:

"It is further mutually agreed that the Parties hereto will render monthly statements, each to the other, reflecting a true and accurate record of all transactions as heretofore described, and further agree to make settlement of all accounts, due each to the other as the case may be, on or before the tenth (10) day of each month following date thereof."

The 12th paragraph was as follows:

"It is further agreed and understood that in the event a policy or policies hereinabove described lapses on account of nonpayment of premium and is subsequently renewed or reinstated to good standing by Lattimore, with approval of Reeves and Lee, then, in that event, Lattimore shall be entitled to a service and renewal fee in the amount stated in Paragraph VI of this contract as it pertains to the age of the policy."

On or about July 1, 1951, said contract was terminated "as to the securing of new business" by Lattimore. Reeves and Lee had made substantial advances, or loans, to Lattimore to permit him to open and operate said Community Service Insurance Agency in Houston and this suit started by Reeves and Lee suing Lattimore for said advances. Lattimore admitted said indebtedness and that portion of the suit will not be considered in detail. Lattimore filed a cross-action against Reeves and Lee, among other things, for commissions alleged to be due him under said contract on premiums paid on policies sold by him. Although there was a contest as to the exact amount due Lattimore at the termination of the contract, about July 1, 1951, the dispute is mainly over Lattimore's right to collect commissions on renewal premiums thereafter paid on policies sold by him when Reeves and Lee noted on their records that the policies were lapsed for failure to pay the premiums when due but, within 30 days thereafter, reinstated them on their books and the policies were still in force at the close of the audit in September, 1955. Reeves and Lee contended that most of said policies had lapsed because the premiums were not paid when due and, since the policies were not caused to be reinstated by Lattimore, that he was not entitled under the contract to a commission thereon, although the policies were marked reinstated within 30 days and were still in force. The court, apparently, rendered judgment for Lattimore for commissions on premiums paid on such policies that were reinstated within 30 days where the policies were still in force.

In a trial to the court, judgment was rendered against Lattimore for $13,703.47 for advances and said amount is not questioned. In the judgment the court found that said written contract was terminated on or about July 1, 1951. The court found that, as of March 31, 1955, commissions and "renewal commissions" due Lattimore amounted to $39,072.07; that Reeves and Lee had wrongfully attempted to cause the lapse of many policies and had failed and refused to report to Lattimore the proper amount of

renewal commissions. The court found that a reasonable charge for collecting and accounting for such premiums received by Reeves and Lee, after termination of the contract as provided for in the 7th paragraph of the contract, was 5% of the total premiums received, to wit, $13,158.69. The court, therefore, rendered judgment against Lattimore for said amount plus $13,703.47 for advances made by Reeves and Lee. The court subtracted the aggregate of said sums, to wit, $26,862.16, from $39,072.07, the amount of commissions found to be due Lattimore, and rendered judgment against Reeves and Lee for $12,210.91. (This was a mathematical mistake of $1.00 and the judgment will be reformed so that after all offsets are allowed there will be a judgment against Reeves and Lee for $12,209.91.)

The court also entered a mandatory injunction requiring Reeves and Lee to account to Lattimore for premiums received on all policies found by the auditor to be in effect on April 1, 1955, and to pay to him the "renewal" commissions thereon, calculated under the terms of said contract, after deducting a service charge of 5% of the premiums received. The money judgment rendered included the commissions due to April 1, 1955. Reeves and Lee have appealed.

The effect of appellants' first point is that, since Lattimore did not except to the auditor's report, the auditor's findings of commissions due him was conclusive, except as to the items excepted to by appellants. Appellants' exceptions claimed errors amounting to $888.80. The court sustained said exceptions to the extent of $404 and subtracted that amount from the commissions found to be due Lattimore. The court's findings were not contrary to those of the auditor.

The substance of many of appellants' points is that the court erred in permitting Lattimore to recover commissions on renewal premiums paid Reeves and Lee after termination of the contract, because Lattimore did not obtain reinstatement or renewal of the policies, and, further, that the judgment was based on mere speculation as to how much the agent was entitled as renewal commission. We do not think the record shows the judgment was based on mere speculation. The facts found necessary to support the judgment were reasonable deductions from the evidence. We believe that Lattimore's partial recovery of commissions on renewal premiums is sustained by paragraph 7 of the contract. It provides that Lattimore shall be paid commissions on policies written by him so long as they remain in effect but that if the contract is terminated "as to the securing of new business" that there shall be deducted from his commissions on renewal premiums paid "on business already on the books" a reasonable collection and service charge. The court found 5% of such premiums to be a reasonable charge, deducted same from Lattimore's said commissions and, in effect, paid it to Reeves and Lee.

Lattimore lived in Houston and it is a reasonable deduction from the record that he was not informed of the failure to pay premiums exactly when due until about 30 days thereafter, at which time most of the premiums had been paid and the policies marked reinstated on the records of Reeves and Lee. Paragraph 12, considered in connection with all other parts of the contract, particularly paragraph 7, does not require the conclusion that Lattimore was not entitled to a commission on renewal premiums under such circumstances. Paragraph 7 expressly provides that if the contract is terminated commissions "on business already on the books" will be paid to Lattimore so long as the policies written by him remain in force, but that Reeves and Lee are entitled to deduct therefrom a reasonable, collection and service charge. The judgment is in accord therewith. Paragraph 12 is not in conflict therewith and was not violated by the judgment. It does not provide that Lattimore shall not receive any commissions on reinstated policies written by him. It provides that if a policy lapses and is reinstated by Lattimore that he shall receive

all the commissions and Reeves and Lee are not entitled to the collection and service charge granted them under paragraph **7** and in the judgment. We think Lattimore was entitled to the commissions awarded him by virtue of said provisions of paragraph 7. Furthermore, the effect of the court's findings is that the policies in question were not actually lapsed. There was evidence to sustain such findings.

The judgment is reformed and affirmed.